Oweíst McGIivebn, J.
Plaintiff seeks a temporary injunction restraining the publication, circulation and advertising of a certain book; and in addition to an action for a permanent injunction presses one cause based upon the Civil Eights Law and one cause in libel. Plaintiff further seeks an order striking out the five complete defenses for legal insufficiency.
The book, which is the subject of the litigation, purports to be at least in part an autobiography. It is plaintiff’s contention that by reason of the identity of her name with the assumed name of the author and by reason of the description of the principal character in the book, she is identifiable as the book’s protagonist and author.
In a first defense with respect to the causes based on the Civil Eights Law, it is alleged that the use of a name identical to plaintiff’s as the author, without plaintiff’s consent, is not a violation of section 50 or 51 of the Civil Eights Law. It is the view of the court, however, that this states merely a rule of law; a defense which pleads merely a conclusion of law without supporting facts is insufficient (4 Carmody-Wait, New York Practice, p. 387, § 52; Hyman v. Levin, 243 App. Div. 6 [1st Dept, 1934]; see Morganstern v. Cohon, 2 N Y 2d 302, 307 [1957]). Accordingly, the first defense is insufficient.
In the second defense it is alleged that the author adopted and used the name which is plaintiff’s as the author’s pen name and that this is permissible in the field of literature and is recognizable in law. It is further alleged that under section 51 of the Civil Eights Law nothing shall prevent the use of a name, portrait or picture of an author in connection with the literary production which she sold. Consequently, it is alleged that the publication and distribution of" the book bearing the pen name is not a violation of the Civil Eights Law. However, the allegation that the author used the name of plaintiff as a pen name is merely another way of stating that the author’s true name is not the same as plaintiff’s, which is alleged in the complaint and *479 admitted in the answers. The remaining allegations are mere conclusions, and this defense is insufficient for the reasons stated with regard to the first defense.
In the third defense asserted to the causes based on the Civil Rights Law and libel, it is alleged that the language, events and circumstances set forth in the book do not refer in any respect to the plaintiff and were not intended to refer to her. This is provable under the denials and, accordingly, this defense is stricken (Mosler Holding Corp. v. Bell, 2 A D 2d 963 [1st Dept., 1956]).
In the fourth defense, the defendants allege that there is no substantial similarity between the events and circumstances set forth in the book and the events and circumstances of the plaintiff’s life. This too may be proved under the denials and, accordingly, this defense is stricken.
In the fifth defense, it is alleged that the use of the plaintiff’s name as the pen name by the author was accidental or coincidental. If true, this may manifest a lack of malice, and is available as a partial defense (Shenkman v. O’Malley, 2 A D 2d 567, 573 [1st Dept., 1956]. However, a partial defense must be pleaded as such (Civ. Prac. Act, § 262). Accordingly, the fifth defense, pleaded as a complete defense, is stricken with leave to replead as a partial defense.
As for the plaintiff’s application for a temporary injunction, the facts involved are too uncertain to warrant the drastic remedy of a temporary injunction. The balancing of conveniences requires that the request for that relief be denied. Settle order which may provide for an early trial.